THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NADIM KHOURI KLINK, an individual, and PC DESIGN SARL, a foreign business entity, | ) ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | **08 CV**     **4243** |
| vs. | ) ) ) | Filed Under Seal |
| **M&H PERFUMES, INC.**, A New York corporation, d/b/a M & H PERFUMES d/b/a SHALIMAR PERFUMES, INC.; **N. TILANI FRAGRANCES, INC.**, a New York Corporation, d/b/a N. TILANI FRAGRANCE; **AKB PERFUME, INC.**, a New York corporation, d/b/a AKB PERFUME d/b/a TOP QUALITY PRODUCTS; **TOP QUALITY PRODUCTS, INC.**, a New York corporation, d/b/a TOP QUALITY PRODUCTS d/b/a AKB PERFUME; **METRO PERFUME, INC.**, a New York Corporation, d/b/a METRO PERFUME; **ORKAY ENTERPRISES, INC.**, a New York corporation, d/b/a ORKAY ENTERPRISES; **G.N. PERFUMES, INC.**, a New York corporation d/b/a G.N. PERFUMES; **TK PERFUMES, INC.**, a New York corporation, d/b/a TK PERFUMES; and DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**DECLARATION OF CHRISTOPHER KIRKLAND IN SUPPORT OF PLAINTIFFS'
EMERGENCY *EX PARTE* APPLICATION FOR: (A) TEMPORARY RESTRAINING
ORDER AND SEIZURE ORDER; (B) ORDER TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION SHOULD NOT ISSUE; (C) SUBSTITUTE CUSTODIAN
ORDER; (D) EXPEDITED DISCOVERY; AND
(E) AN ORDER TEMPORARILY SEALING THE COURT FILE**

2

1.     My name is Christopher Kirkland, and I am the President of CK Investigations, Inc., a licensed New York private investigative firm, located in New City, New York.

2.     I am over 18 years of age and the statements set forth herein are made of my own personal knowledge.

3.     In December, 2007, I was retained by PC Design SARL ("PC Design") to investigate the sale of counterfeit products bearing the CUBA Marks by the Defendants M&H Perfumes, Inc., a New York corporation, d/b/a M & H Perfumes d/b/a Shalimar Perfumes, Inc. ("M&H Perfume"); N. Tilani Fragrances Inc., a New York corporation d/b/a N. Tilani Fragrances ("N. Tilani Fragrance"); AKB Perfume, Inc., a New York Corporation, d/b/a AKB Perfume d/b/a Top Quality Products ("AKB Perfume"), and Top Quality Products Inc., a New York corporation, d/b/a Top Quality Products d/b/a AKB Perfume, (collectively the "AKB/Top Quality Defendants"); Metro Perfume, Inc., a New York corporation, d/b/a Metro Perfume ("Metro Perfume"); Orkay Enterprises, Inc., a New York corporation, d/b/a Orkay Enterprises ("Orkay Enterprise Defendants"); G.N. Perfumes, Inc., a New York corporation d/b/a G.N. Perfumes ("G.N. Perfume"); TK Perfumes, Inc., a New York corporation, d/b/a TK Perfumes ("TK Perfume"); and Rashid on Canal Street ("Rashid on Canal Street").

4.     On or about December 11, 2007, I traveled to the M&H Perfume location at 1214 Broadway, New York, New York 10001, with Eddy Maaz, an owner of PC Design.  Upon entering the M&H Perfume location, we were greeted by an unidentified male employee, and I inquired about purchasing CUBA fragrance products.  The employee advised that M&H Perfume did have the CUBA fragrance product in stock, and retrieved a bottle for purchase.  Eddy Maaz purchased the CUBA fragrance product from M&H Perfume for a total purchase price of $5.00.

Declaration of Christopher Kirkland

A true and correct photograph of the CUBA fragrance product purchased from M&H Perfume by Eddy Maaz is attached to the Declaration of Eddy Maaz as Exhibit "1."

5.      Prior to exiting the M&H Perfume location, I obtained an M&H Perfume, Inc. business card.  The card identified the business address as 1214 B Broadway, (Bet. 29th and 30th St.), New York, New York 10001 with the telephone number and facsimile number identified as (212) 532-3344 and (212) 532-0966, respectively.  The business card reflected the name "Kahn" on the front right-hand corner of the card.  A true and correct copy of the business card I obtained from M&H Perfume's business location is attached hereto as Exhibit "1."

6.      In February 2008, as part of its ongoing investigation of the sale counterfeit fragrance products bearing the Cuba Mark, I was again retained by PC Design.

7.      On February 9, 2008, I again traveled the business location of M&H Perfume located at 1214 Broadway, New York, New York 10001.  A true and correct photograph of the front of M & H Perfume's business location and signage is attached hereto as Exhibit "2."

8.      Upon entering the business location of M&H Perfume, I was greeted by a female employee who later identified herself as "Janet."  I observed approximately 25 bottles of fragrance products bearing the Cuba Mark at issue in this proceeding on display for sale.  Janet advised M&H Perfume sells the small bottle of Cuba fragrance product for $3.00 per bottle and the large bottle of Cuba fragrance product is sold for $6.00 per bottle.  Janet additionally advised that M&H Perfume also accepts bulk orders for the Cuba fragrance products and provides discounts in price when placing a bulk order.

9.      I purchased one large bottle of cologne bearing the Cuba Mark at issue in this proceeding from M & H Perfume for a total purchase price of $6.00.  I paid in cash and was provided with a receipt.  Janet also provided me with a business card which identified the

business as Shalimar Perfumes, Inc. with a business address as 1214 Broadway (Bet. 29th and 30th St.), New York, New York 10001, Telephone: 212-532-3344 and Facsimile: 212-532-0966, even though the signage on the storefront identifies the business as the business location of M&H Perfume, and the business card provided by M&H Perfume during my initial visit in December, 2007 identified the business as M&H Perfume, Inc. with the same address, telephone number, and facsimile number (see Composite Exhibit "1" attached hereto).  A true and correct photograph of the fragrance product bearing the Cuba Mark at issue in this proceeding purchased from M&H Perfume, together with a true and correct copy of the business card provided to me and an appropriate Chain of Custody are attached hereto as Composite Exhibit "3."

10.     On February 9, 2008, I traveled to the business location of Metro Perfume located at 1177-B Broadway, New York, New York 10001, telephone number 212-448-9229.  A true and correct photograph of the front of the Metro Perfume business location and the signage is attached hereto as Exhibit "4."

11.     Upon entering the Metro Perfume business location, I observed approximately ten bottles of fragrance products bearing the Cuba Mark at issue in this proceeding on display for sale.  I made contact with a male employee who later identified himself as "Dada."  Dada advised that Metro Perfume sells the small bottle of Cuba branded cologne for $5.00 for two bottles, and the large bottle of Cuba branded cologne is $5.00 per bottle.  Dada further advised that Metro Perfume does sell the Cuba branded fragrance products in bulk and offers a discount on bulk orders.  I requested a Metro Perfume business card; however, Dada advised the store was out of business cards.  I purchased one large bottle of cologne bearing the Cuba Mark at issue in this proceeding from Metro Perfume for a total purchase price of $5.00.  I paid for the product in cash and was provided with a receipt.  A true and correct photograph of the Cuba branded

5

fragrance product I purchased from Metro Perfume, together with an appropriate Chain of Custody is attached hereto as Composite Exhibit "5."

12.    On February 16, 2008 I traveled to the business location of N. Tilani Fragrance located at 1193 Broadway, New York, New York 10001, telephone number 212-889-1044.   A true and correct photograph of the front of the N. Tilani Fragrance store and signage is attached hereto as Exhibit "6."

13.    Upon entering N. Tilani Fragrance, I observed approximately ten bottles of fragrance products bearing the Cuba Mark at issue in this proceeding on display for sale.   I made contact with a male employee who identified himself as "Jamie."   Jamie advised that N. Tilani Fragrance sells the small bottles of Cuba branded fragrance products for $3.00 per bottle and the large bottle of Cuba branded fragrance product for $5.00 pre bottle.   Jamie also advised that N. Tilani Fragrance does sell the Cuba branded fragrance products in bulk and will provide a discounted purchase price on bulk orders.

14.    I purchased one large bottle of cologne bearing the Cuba Mark at issue in this proceeding from N. Tilani Fragrance for a total purchase price of $5.00 from N. Tilani Fragrance.   I paid cash and was not provided with a sales receipt.   I requested a N. Tilani Fragrance business from Jamie, and was provided with a business card that identified the business address for N. Tilani Fragrance was 11931 Broadway (Between 28th and 29th St.), Store #5, New York, New York 10001, Telephone: 212-889-1044/0400 and Facsimile: 212-889-0600.   A true and correct photograph of the Cuba branded fragrance product I purchased from N. Tilani Fragrance together with a true and correct copy of the business card provided to me and an appropriate Chain of Custody are attached hereto as Composite Exhibit "7."

6

Declaration of Christopher Kirkland

15.     On February 16, 2008, I traveled to the business location of the AKB/Top Quality Defendants located at 1173 Broadway, New York, New York 10001.  The signage above the front entrance of AKB Perfume identifies the business as "Top Quality Products, Inc."  A true and correct photograph of the front entrance of the AKB/Top Quality Defendants and the signage is attached hereto as Exhibit "8."

16.     Upon entering the business location of the AKB/Top Quality Defendants, I observed approximately ten bottles of Cuba branded fragrance products on display for sale.  I made contact with a male employee who identified himself as "Ahmed."  Ahmed advised that the AKB/Top Quality Defendants sell the small bottles of Cuba branded fragrance products for $5.00 for two bottles and the large bottles of Cuba branded fragrance products for $6.00.  Ahmed also advised that the AKB/Top Quality Defendants do offer the Cuba branded fragrance products for sale in bulk and will provide a discounted purchase price on bulk orders.  I purchased one large bottle of the Cuba fragrance product from the AKB/Top Quality Defendants for a total of $6.00.  I requested a business card from Ahmed and was provided with a business card identifying the business as AKB Perfume, Inc., 1173 B'way (Bet. 27-28 St.), New York, New York 10001, Telephone: 212-213-3115 and Facsimile: 212-213-3116 with the name "Ahmed" appearing in the upper right corner.  A true and correct photograph of the Cuba branded fragrance product I purchased from the AKB/Top Quality Defendants together with a true and correct copy of the business card provide me and an appropriate Chain of Custody are attached hereto as Composite Exhibit "9."

17.     On or about March 27, 2008, I again traveled the business location of the M&H Perfume Defendants located at 1214 Broadway, New York, New York 10001.  The signage above the business location identified the store as M&H Perfume and Shalimar Perfumes, Inc.  A

true and correct photograph, as taken on February 9, 2008, of the front of the M&H Perfume Defendants' business location and signage is attached hereto as Exhibit "10."

18.     Upon entering the M&H Perfume location, I observed approximately twenty bottles of Cuba branded fragrance products on display for sale. I was greeted by Janet, the same employee that had previously assisted me on February 9, 2008 (see Paragraph 8, *supra*). I inquired about purchasing CUBA fragrance products. Janet advised that M&H Perfume sells the small bottles of the CUBA fragrance product for $3.00 and the large bottle for $6.00. Janet also advised that the M&H Perfume Defendants did have the CUBA fragrance product in stock, and retrieved a bottle for purchase. I purchased one small bottle of CUBA fragrance product from M&H Perfume for a total purchase price of $2.50. I paid in cash and was not provided with a receipt. A true and correct photograph of the Cuba branded fragrance product I purchased from M&H Perfume, together with a true and correct Chain of Custody, are attached hereto as Composite Exhibit "11."

19.     Prior to exiting M&H Perfume, I obtained an M&H Perfume, Inc. business card. The card identified the business address as 1214 B Broadway, (Between 29th and 30th St.), New York, New York 10001 with the telephone number and facsimile number identified as (212) 532-3344 and (212) 532-0966, respectively. A true and correct copy of the business card I obtained from M&H Perfume is attached hereto as Exhibit "12."

20.     On or about March 27, 2008, I traveled to the business location for Metro Perfume located at 1177-B Broadway, New York, New York 10001, telephone number 212-448-9229. A true and correct photograph, as taken on February 9, 2008, of the front of the Metro Perfume business location and the signage is attached hereto as Exhibit "13."

8

21.     Upon entering the Metro Perfume business location, I observed approximately twelve bottles of fragrance products bearing the Cuba Mark at issue in this proceeding on display for sale. I made contact with a male employee who later identified himself as "Dada." Dada is the same employee that assisted me on February 9, 2008 (see Paragraph 11, *supra*). Dada advised that Metro Perfume sells the small bottle of Cuba branded cologne for $5.00 for two bottles, and the large bottle of Cuba branded cologne is $5.00 per bottle. I purchased one small bottle of cologne bearing the Cuba Mark at issue in this proceeding from Metro Perfume for a total purchase price of $3.00. I paid for the product in cash and was not provided with a receipt. A true and correct photograph of the Cuba branded fragrance product I purchased from Metro Perfume together with an appropriate Chain of Custody is attached hereto as Composite Exhibit "14."

22.     On or about March 27, 2008, I traveled to the business location of the AKB/Top Quality Defendants located at 1173 Broadway, New York, New York 10001. The signage above the front entrance of the AKB/Top Quality Defendants identifies the business as "Top Quality Products, Inc." A true and correct photograph, as taken on February 16, 2008, of the front entrance of the AKB/Top Quality Defendants and its signage is attached hereto as Exhibit "15."

23.     Upon entering the business location of the AKB/Top Quality Defendants, I observed approximately twenty bottles of Cuba branded fragrance products on display for sale. I made contact with a male employee who identified himself as "Ahmed." Ahmed is the same employee that assisted me on February 16, 2008 (see Paragraph 16, *supra*). Ahmed advised that the AKB/Top Quality Defendants sell the small bottles of Cuba branded fragrance products for $5.00 for two bottles and the large bottles of Cuba branded fragrance products for $6.00 per bottle. I purchased one small bottle of Cuba branded fragrance for $3.00. I paid in cash and was

9

not provided with a receipt. I requested a business card from Ahmed and was provided with a business card identifying the business as AKB Perfume, Inc., 1173 B'way (Bet. 27-28 St.), New York, New York 10001, Telephone: 212-213-3115 and Facsimile: 212-213-3116 with the name "Ahmed" appearing in the upper right corner. A true and correct photograph of the Cuba branded fragrance product I purchased from the AKB/Top Quality Defendants, together with a true and correct copy of the business card provide me and an appropriate Chain of Custody are attached hereto as Composite Exhibit "16."

24.    On or about March 27, 2008, I traveled to G.N. Perfume's location at 1185 Broadway, New York, New York 10001. The awning above the G.N. Perfume location identifies the business as "Dart NY, Inc." A true and correct photograph of the front entrance of G.N. Perfume and its signage is attached hereto as Exhibit "17."

25.    Upon entering the G.N. Perfume location, I observed approximately fifteen Cuba fragrance products on display for sale. I was greeted by a male employee who identified himself as Singh, and I inquired about purchasing CUBA fragrance products. Singh advised that G.N. Perfume did have the CUBA fragrance product in stock, which are priced at $5.00 for two small bottles. I asked to purchase one small bottle and Singh and he retrieved a bottle for purchase. I purchased one small bottle of the CUBA fragrance product from G.N. Perfume for a total purchase price of $2.50. A true and correct photograph of the CUBA fragrance product I purchased from G.N. Perfume together with an appropriate Chain of Custody is attached hereto as Exhibit "18."

26.    Prior to exiting G.N. Perfume's location, I obtained a G.N. Perfume, Inc. business card. The card identified the business address as 1185 Broadway (Corner of 28th Street), New York, New York 10001 with the telephone number identified as (212) 481-2121. The business

card reflected the name "Singh & Happy" on the front right-hand corner of the card.   A true and correct copy of the business card I obtained from G.N. Perfume is attached hereto as Exhibit "19."

27.    On or about March 27, 2008, I traveled to TK Perfume located at 1226 Broadway, New York, New York 10001.   Upon entering the TK Perfume location, I observed approximately fifteen bottles of the CUBA fragrance on display for sale.  I was greeted by a male employee who identified himself as Khan, and I inquired about purchasing CUBA fragrance products.   Khan advised that the TK Perfume Defendants sell the small bottles of CUBA fragrance for $3.00 per bottle and the large bottles for $5.00 per bottle.  He also informed me that the TK **Defendants** could sell the CUBA fragrance product at wholesale prices.  I purchased one small bottle of the CUBA fragrance product from TK Perfume for a total purchase price of $3.00.   A true and correct photograph of the CUBA fragrance product I purchased from TK Perfume with its appropriate Chain of Custody are attached hereto as Exhibit "20."

28.    Prior to exiting TK Perfume's location, I obtained a TK Perfume, Inc. business card.  The card identified the business address as 1226 Broadway (Bet. 30th & 31st St.), New York, New York 10001 with the telephone number identified as (212) 244-4234.  A true and correct copy of the business card I obtained from TK Perfume's business location is attached hereto as Exhibit "21."

29.    On March 27, 2008 I traveled to the business location of Orkay Enterprises, Inc., Import & Export located at 1232 Broadway, New York, New York 10001, telephone number 212-684-8223.   A true and correct photograph of the front of the Orkay Enterprises store and signage is attached hereto as Exhibit "22."

30.    Upon entering Orkay Enterprises, I observed approximately 25 bottles of fragrance products bearing the Cuba Mark at issue in this proceeding on display for sale.   I made contact with a female employee who identified herself as "Maria."   Maria advised that Orkay Enterprises sells the small bottles of Cuba branded fragrance products for $5.00 for two bottles and the large bottle of Cuba branded fragrance product for $5.00 per bottle.   Maria also advised that Orkay Enterprises does sell the Cuba branded fragrance products in bulk and will provide a discounted purchase price on bulk orders.

31.    I purchased one small bottle of cologne bearing the Cuba Mark at issue in this proceeding from Orkay Enterprises for a total purchase price of $3.00 from Orkay Enterprises. I paid cash and was not provided with a sales receipt. I requested an Orkay Enterprises business from Maria, and was provided with a business card that identified the business address for Orkay Enterprises as 1231 Broadway, Store #9,(Bet. 30th and 31st Sts), New York, New York 10001, Telephone: (212) 684-8223 and (212) 481-3724, Facsimile: (212) 594-4301, Email: OrkayInc@aol.com, Steve Asnani, President.   A true and correct photograph of the Cuba branded fragrance product I purchased from Orkay Enterprises together with a true and correct copy of the business card provided to me and an appropriate Chain of Custody are attached hereto as Composite Exhibit "23."

32.    On March 27, 2008 I traveled to the business location of N. Tilani Fragrance located at 1193 Broadway, New York, New York 10001, telephone number 212-889-1044.   A true and correct photograph of the front of the N. Tilani Fragrance store and signage is attached hereto as Exhibit "24."

33.    Upon entering N. Tilani Fragrance, I observed approximately 15 bottles of fragrance products bearing the Cuba Mark at issue in this proceeding on display for sale.   I made

Declaration of Christopher Kirkland

contact with a male employee who identified himself as "Jamie," the same employee that had previously assisted me on February 16, 2008 (see Paragraph 13, *supra*). Jamie advised that N. Tilani Fragrance sells the small bottles of Cuba branded fragrance products for $3.00 per bottle and the large bottle of Cuba branded fragrance product for $5.00 per bottle. Jamie also advised that N. Tilani Fragrance does sell the Cuba branded fragrance products in bulk and will provide a discounted purchase price on bulk orders.

34.    I purchased one small bottle of cologne bearing the Cuba Mark at issue in this proceeding from N. Tilani Fragrance for a total purchase price of $3.00 from N. Tilani Fragrance. I paid cash and was not provided with a sales receipt. I requested a N. Tilani Fragrance business from Jamie, and was provided with a business card that identified the business address for N. Tilani Fragrance was 1193 Broadway (Between 28th and 29th St.), Store #5, New York, New York 10001, Telephone: 212-889-1044/0400 and Facsimile: 212-889-0600. A true and correct photograph of the Cuba branded fragrance product I purchased from N. Tilani Fragrance together with a true and correct copy of the business card provided to me and an appropriate Chain of Custody are attached hereto as Composite Exhibit "25."

35.    Each of the products I purchased from the Defendants identified herein were sent to PC Design for full analysis. Subsequent to transferring the Cuba branded fragrance products I purchased from each the Defendants identified herein to PC Design, I was advised that PC Design's analysis concluded that each of the Cuba branded fragrance products I purchased from each of the Defendants, excluding my March 27, 2008 purchases from TK Perfume, Orkay Enterprises and N. Tilani Fragrances, identified herein were determined to be non-genuine counterfeit Cuba branded fragrance products.

Declaration of Christopher Kirkland

36.    Neither PC Design's investigation of the Defendants, nor the fact that PC Design is seeking a temporary restraining order and seizure order has been made public by myself nor any employee or representative of CK Investigations, Inc..

I DECLARE the foregoing statements to be true and correct under penalty of perjury under the laws of the United States of America.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this 30th day of April, 2008.

_Christopher Kirkland_
Christopher Kirkland

13

# EXHIBIT "1'



# EXHIBIT "2'



# COMPOSITE EXHIBIT "3" M&H PERFUME 2/9/08



JERRY



# Shalimar Perfumes Inc.

Colognes   Perfumes & Cosmetics

1214 Broadway
(Bet. 29th & 30th St.)
New York, NY 10001

TEL: (212) 532-3344
FAX: (212) 532-0966

**I**NVESTIGATIVE
**C**ONSULTANTS

EVIDENCE # __0006699__

I.C.# __07-12031__          CLIENT # __Cuba__

# CHAIN OF EVIDENCE

Subject Name __Janet__

Business Name __M + H Perfume__                              Unit _____

Address __12 14 Broadway__                    State __NY__      Zip __10001__

City __New York__

Investigator __Christopher Kirkland__

Date of Purchase/Exam ___2/9/08___          Estimated Time _____ AM/PM

Type:          UC [✓]      Raid [ ]      Other [ ]

Items: __Cuba Cologne (1)__

Identifying Marks: __Marked + Tagged__

| DATE REC. | RECEIVED BY | SIGNATURE | DATE DEL. | SENT VIA |
|-----------|-------------|-----------|-----------|----------|
| 2/9/08 | Chris Kirkland | chris Kirkland | 2/14/08 | FedEx |
| 2/13/08 | Teresa Rodriguez-Albizer | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

SAFEGUARD   Form No. 811-3/07CS000760  12/07

EXHIBIT "4'



# COMPOSITE
# EXHIBIT "5"
# METRO PERFUME
# 2/9/08





**I**NVESTIGATIVE
**C**ONSULTANTS

EVIDENCE # _0006700_
I.C. # _07-12031_              CLIENT # _Cuba_

## CHAIN OF EVIDENCE

Subject Name _Dada_
Business Name _Metro Perfume_
Address _1177-B Broadway_                                    Unit ___
City _New York_                              State _NY_      Zip _10001_
Investigator _Christopher Kirkland_
Date of Purchase/Exam ___ _2/9/08_              Estimated Time ___ AM/PM
Type:        UC [✓]      Raid [ ]        Other [ ]
Items: _Cuba Cologne (.)_

Identifying Marks: _Mark + Tagged_

| DATE REC. | RECEIVED BY | SIGNATURE | DATE DEL. | SENT VIA |
|-----------|-------------|-----------|-----------|----------|
| 2/9/08 | Chris Kirkland | Chris Kirkland | 2/11/08 | FedEx |
| 2/13/08 | Teresa Rodriguez-Albizu | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

SAFEGUARD. Form No. 811-3/Y07CS000760 12-07

EXHIBIT "6'



# COMPOSITE EXHIBIT "7"
# N. TILANI FRAGRANCE
# 2/16/08





**I** NVESTIGATIVE
**C.** ONSULTANTS

EVIDENCE # 000 6611
I.C. # 07-1203 CLIENT #

# CHAIN OF EVIDENCE

Subject Name _____
Business Name _Al. Tillman Fragrances Inc_
Address _1153 Broadway_ _____ Unit ____
City _NY_ _____ State _NY_ Zip _10001_
Investigator _Kirkland_
Date of Purchase/Exam _2/14/08_ _____ Estimated Time _3:45_ AM/PM
Type:     UC ☑     Raid ☐     Other ☐
Items: _1 bottle of Cuba Cologne_

Identifying Marks: _AAAA Kid + Tagged_

| DATE REC. | RECEIVED BY | SIGNATURE | DATE DEL. | SENT VIA |
|-----------|-------------|-----------|-----------|----------|
| 2/14/08 | Chris Kirkland | Chris Kirkland | 2/14/08 | FedEx |
| 2/21/08 | J Wallwork | | 2/21/08 | UPS to Perry Mark |
| 2/29/08 | JOHN MACALUSO | John Macaluso | 4/8/08 | UPS to Stephen |
| 4/9/08 | T. Rodriguez Alban | R. Rodriguez | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

SAFEGUARD. Line No. Form No. 811-3/707CS000760 12/07

# EXHIBIT "8"



# COMPOSITE EXHIBIT "9" AKB PERFUME 2/16/08





**I**NVESTIGATIVE
**C**ONSULTANTS

EVIDENCE # _0006612_
I.C. # _07-12051_ _____ CLIENT # _____

# CHAIN OF EVIDENCE

Subject Name _____
Business Name _A&D ( A&B Perfume )_
Address _1173 Broadway_____ Unit _____
City _NY_____ State _NY_ Zip _10001_
Investigator _Kirkland_
Date of Purchase/Exam _2/16/08_ Estimated Time _5:40_ AM/PM
Type: UC [✓]   Raid [ ]   Other [ ]
Items: _1 Bottle of Cuba Cologne_
_____

Identifying Marks: _Marked + Tagged_____

| DATE REC. | RECEIVED BY | SIGNATURE | DATE DEL. | SENT VIA |
|-----------|-------------|-----------|-----------|----------|
| 2/16/08 | Chris Kirkland | Chris Kirkland | 2/20/08 | Fed Ex |
| 2/21/08 | K Wallwork | _(signature)_ | 2/21/08 | UPS to Peggy Mertz |
| 2/29/08 | JOHN MACALUSO | John Macaluso | 4/8/08 | UPS to Stephen |
| 4/9/08 | T. Rodriguez ABIZU | _(signature)_ | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

SAFEGUARD. Form No. 811-3/YG7CS000750 12/07

EXHIBIT "10'



# COMPOSITE EXHIBIT "11" M&H PERFUME 3/27/08



**I** NVESTIGATIVE
**C** ONSULTANTS



EVIDENCE # 000 5485
I.C. # 07-12031 _____ CLIENT # _____

# CHAIN OF EVIDENCE

Subject Name _____
Business Name M&H Perfumes (Shalimar Perfumes)
Address 1214 Broadway _____ Unit B
City New York _____ State NY __ Zip _____
Investigator Chris Kirkland
Date of Purchase/Exam 3/27/08 ___ Estimated Time ___ AM/PM
Type: UC [X]      Raid [ ]      Other [ ]
Items: 1 bottle (small) of Cuba Cologne _____
_____

Identifying Marks: marked & tagged _____

| DATE REC. | RECEIVED BY | SIGNATURE | DATE DEL. | SENT VIA |
|-----------|-------------|-----------|-----------|----------|
| 3/27/08 | C. Kirkland | C. Kirkl | 4/3/08 | FED EX TO IC |
| 4/7/08 | K Wallwork | KWa | 4/8/08 | UPS TO Stephen G.//08 |
| 4/9/08 | T. Rodriguez-Albizu | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

# EXHIBIT "12"



# EXHIBIT "13"



# COMPOSITE EXHIBIT "14" METRO PERFUME 3/27/08



**I** **NVESTIGATIVE**
**C** **ONSULTANTS**

EVIDENCE # ___0005488___
I.C. # __07-12031__ _____ CLIENT # _____

# CHAIN OF EVIDENCE

Subject Name _____
Business Name _Metro Perfume_____
Address _1177-B Broadway_____ Unit _____
City _New York_____ State _NY_ Zip _____
Investigator ___C. Kirkland_____
Date of Purchase/Exam _3/27/08_____ Estimated Time _____ AM/PM
Type:        UC [X]          Raid [ ]        Other [ ]
Items: __1 small bottle of Cuba Cologne_____

Identifying Marks: _Marked & tagged_____

| DATE REC. | RECEIVED BY | SIGNATURE | DATE DEL. | SENT VIA |
|-----------|-------------|-----------|-----------|----------|
| 3/27/08 | C Kirkland | Kirkland (v.) | 4/3/08 | FED EX TO K |
| 4/7/08 | K Wallwork | KW | 4/8/08 | UPS to Stephen Coffey |
| 4/9/08 | T. Rodriguez-Albizu | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

SAFEGUARD. Form No. 811-3/Y07CS000760 12:07

EXHIBIT "15"



# COMPOSITE EXHIBIT "16" AKB PERFUME 3/27/08





**I** NVESTIGATIVE
**C** ONSULTANTS

EVIDENCE # _0005490_
I.C. # _07-12031_          CLIENT # _____

## CHAIN OF EVIDENCE

Subject Name _____
Business Name _A & P (A&B Perfume, Inc.)_____
Address _1173 Broadway_____ Unit _____
City _New York_____ State _NY_ Zip _____
Investigator _Chris Kirkland_____
Date of Purchase/Exam _3/27/08_____ Estimated Time _____ AM/PM
Type:      UC [X]          Raid [ ]         Other [ ]
Items:
_1 small 1" bottle of Cuba Cologne_____
_____

Identifying Marks: _marked & tagged_____

| DATE REC. | RECEIVED BY | SIGNATURE | DATE DEL. | SENT VIA |
|-----------|-------------|-----------|-----------|----------|
| 3/27/08 | C. Kirkland | C. Kirkland (v) | 4/3/08 | FED EX TO IC |
| 4/7/08 | K. Wallwork | | 4/8/08 | UPS to Stephanie |
| 4/9/08 | T. Rodriguez-Albizu | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

SAFEGUARD. LITHO USA  Form No. 811-3/Y07CS000760  12:07

# EXHIBIT "17"



# COMPOSITE EXHIBIT "18" G.N. PERFUME 3/27/08



**I** **NVESTIGATIVE**
**C** **ONSULTANTS**

EVIDENCE # __00005489__
I.C. # __07-12031__ _____ CLIENT # _____

# CHAIN OF EVIDENCE

Subject Name _____
Business Name __G N Perfumes Inc_____
Address ____1155 Broadway_____ Unit _____
City __New York_____ State __NY__ Zip _____
Investigator __C Kirkland_____
Date of Purchase/Exam __3/27/08_____ Estimated Time _____ AM/PM
Type:     UC [X]          Raid [ ]        Other [ ]
Items:
__1 small bottle of cuba Cologne__

Identifying Marks: __Marked & tagged__

| DATE REC. | RECEIVED BY | SIGNATURE | DATE DEL. | SENT VIA |
|-----------|-------------|-----------|-----------|----------|
| 3/27/08 | C Kirkland | C Kirkland (ck) | 4/3/08 | FED EX TO IC |
| 4/7/08 | K Wallwork | K West | 4/8/08 | UPS to Stephen Gaffer |
| 4/9/08 | T. Rodriguez-Albizu | Tclopuid Albz | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

SAFEGUARD® Form No. 811-3/Y07CS000760 12/07

EXHIBIT "19"



# COMPOSITE
# EXHIBIT "20"
# TK PERFUME
# 3/27/08

**I** NVESTIGATIVE
**C** ONSULTANTS

EVIDENCE # _0005487_

I.C. # _07-1203_____ CLIENT # _____

# CHAIN OF EVIDENCE

Subject Name _____

Business Name _T.K. Perfumes Inc_____

Address _1226 Broadway_____ Unit _____

City _New York_____ State _NY_ Zip _____

Investigator _Chris Kirkland_____

Date of Purchase/Exam __3/27/08_____ Estimated Time _____ AM/PM

Type: UC [✗]        Raid [ ]        Other [ ]

Items: _1 small bottle of Cuba Cologne_____

Identifying Marks: _Marked & tagged_____

| DATE REC. | RECEIVED BY | SIGNATURE | DATE DEL. | SENT VIA |
|-----------|-------------|-----------|-----------|----------|
| 3/27/08 | C Kirkland | C Kirkland | 4/3/08 | FED EX TO I C |
| 4/7/08 | K Wallwork | | 4/3/08 | UPS to Stephen Griffin |
| 4/9/08 | T. Rodriguez-Albizu | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

SAFEGUARD ... Form No. 811-3/Y07CS000760 12/07





# EXHIBIT "21"



# EXHIBIT "22"



# COMPOSITE EXHIBIT "23" ORKAY ENTERPRISES 3/27/08





**I**NVESTIGATIVE
**C**ONSULTANTS



EVIDENCE # 0005486
I.C. # 07-12031          CLIENT # _____

## CHAIN OF EVIDENCE

Subject Name _____
Business Name Orkay Enterprises Inc.
Address 1232 Broadway                    Unit 9
City New York                State NY    Zip ___
Investigator C. Kirkland
Date of Purchase/Exam 3/27/08       Estimated Time ___ AM/PM
Type:           UC [X]      Raid [ ]    Other [ ]
Items: 1 small bottle of Cubu cologne

Identifying Marks: marked & tagged

| DATE REC. | RECEIVED BY | SIGNATURE | DATE DEL. | SENT VIA |
|---|---|---|---|---|
| 3/28/08 | C.Kirkland | C. Kirkland (KW) | 4/3/08 | FED EX TO IC |
| 4/7/08 | K Wallwork | KW | 4/8/08 | UPS to Taffiya, Steph |
| 4/9/08 | T. Rodriguez-Albizee | Rodriguez Albizee | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

SAFEGUARD® LITHO USA Form No. 811-3/Y07CS000760 12/07

# EXHIBIT "24"



# COMPOSITE EXHIBIT "25" N. TILANI FRAGRANCES 3/27/08





**I**NVESTIGATIVE
**C**ONSULTANTS

EVIDENCE # _0005481_
I.C. # _07-12031_ _____ CLIENT # _____

# CHAIN OF EVIDENCE

Subject Name _____
Business Name _N.Tilani Fragrances_
Address _1193 Broadway_ _____ Unit ____
City _New York_ _____ State _NY_ Zip ____
Investigator _C. Kirkland_
Date of Purchase/Exam _3/27/08_ ___ Estimated Time ___ AM/PM
Type:     UC [X]     Raid [ ]     Other [ ]
Items:
_1 small bottle of Cuba cologne_

Identifying Marks: _marked & tagged_

| DATE REC. | RECEIVED BY | SIGNATURE | DATE DEL. | SENT VIA |
|-----------|-------------|-----------|-----------|----------|
| 3/27/08 | C. Kirkland | C Kirkland (kw) | 4/3/08 | FED EX TO IC |
| 4/7/08 | K. Wallwork | K.W. | 4/8/08 | UPS TO Stephen Gaffigan |
| 4/9/08 | T. Rodriguez-Albizu | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

SAFEGUARD LITHO USA Form No. 811-3/Y07CS000760 12/07