Gibney, Anthony & Flaherty, LLP
John Macaluso (JM 2058)
665 Fifth Avenue
New York, New York 10022
Telephone (212) 688-5151
Facsimile (212) 688-8315
E-mail: jmacaluso@gibney.com
Attorney for Plaintiffs

08 CV 4243

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NADIM KHOURI KLINK, an individual, )
and PC DESIGN SARL, a foreign business )
entity, )
) CASE NO. 08 CV 4243
Plaintiff, )
)
vs. )
) Filed Under Seal
M&H PERFUMES, INC., A New ) ORDER GRANTING PLAINTIFF'S
York corporation, d/b/a M & H ) EMERGENCY *EX PARTE*
PERFUMES d/b/a SHALIMAR ) APPLICATION FOR:
PERFUMES, INC.; **N. TILANI** ) (A) TEMPORARY RESTRAINING
**FRAGRANCES, INC.**, a New York ) ORDER AND SEIZURE ORDER;
Corporation, d/b/a N. TILANI ) (B) ORDER TO SHOW CAUSE WHY A
FRAGRANCE; **AKB PERFUME, INC.**, ) PRELIMINARY INJUNCTION
a New York corporation, d/b/a AKB ) SHOULD NOT ISSUE;
PERFUME d/b/a TOP QUALITY ) (C) SUBSTITUTE CUSTODIAN
PRODUCTS; **TOP QUALITY** ) ORDER; (D) EXPEDITED
**PRODUCTS, INC.**, a New York ) DISCOVERY; AND (E) AN ORDER
corporation, d/b/a TOP QUALITY ) TEMPORARILY SEALING THE
PRODUCTS d/b/a AKB PERFUME; ) COURT FILE.
**METRO PERFUME, INC.**, a New York )
Corporation, d/b/a METRO PERFUME; )
**ORKAY ENTERPRISES, INC.**, a New )
York corporation, d/b/a ORKAY )
ENTERPRISES; **G.N. PERFUMES, INC.**, )
a New York corporation d/b/a G.N. )
PERFUMES; **TK PERFUMES, INC.**, a )
New York corporation, d/b/a TK )
PERFUMES and DOES 1-10, )
)
Defendants. )
)

THIS MATTER comes before the Court on Plaintiffs' Motion for *Ex Parte* (A) Temporary Restraining Order and Seizure Order; (B) Order to Show Cause Why a Preliminary Injunction Should Not Issue; (C) Substitute Custodian Order; (D) Expedited Discovery Order; and (E) Order Temporarily Sealing the Court File. Upon review of the pleadings, Declarations and evidence presented, the Court makes the following findings of fact and conclusions of law:

A.   Plaintiff Klink is the owner of all rights in and to the following trademark protected by the following United States Federal Trademark Registration:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| CUBA | 2,248,555 | June 1, 1999 |

which is registered in International Class 3 (the "CUBA Mark") and is used in connection with the manufacture, marketing, and distribution of, among other things, fragrance products.

B.   Plaintiff Klink licenses the trademark to Plaintiff PC Design, which has the exclusive right to use the CUBA Mark in the United States in connection with the manufacture, promotion, and sale of fragrance products, namely the CUBA fragrance. PC Design sells its CUBA brand fragrance products in the United States through its authorized distribution, BB Trading Worldwide, Inc.

C.   Defendants M&H Perfumes, Inc., a New York corporation, d/b/a M&H Perfumes d/b/a Shalimar Perfumes, Inc. ("M&H Perfume"); N. Tilani Fragrances Inc., a New York corporation d/b/a N. Tilani Fragrances ("N. Tilani Fragrance"); AKB Perfume, Inc., a New York Corporation, d/b/a AKB Perfume d/b/a Top Quality Products ("AKB Perfume"), and Top Quality Products Inc., a New York corporation, d/b/a Top Quality Products d/b/a AKB Perfume, (collectively the "AKB/Top Quality Defendants"); Metro Perfume, Inc., a New York corporation, d/b/a Metro Perfume ("Metro Perfume"); Orkay Enterprises, Inc., a New York corporation, d/b/a Orkay Enterprises ("Orkay Enterprise Defendants"); G.N. Perfumes, Inc., a New York corporation d/b/a G.N. Perfumes ("G.N. Perfume"); and TK Perfumes, Inc., a New

York corporation, d/b/a TK Perfumes ("TK Perfume") and Does 1-10 (collectively "Defendants") have advertised, promoted, offered for sale, and/or distributed fragrance products, namely, the CUBA fragrance, using labeling with counterfeits, reproductions, and/or colorable imitations of the CUBA Mark.

D.  Defendants have purchased, offered for sale, promoted, advertised, sold, and/or distributed fragrance products bearing counterfeits of the CUBA Mark.

E.  Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the CUBA Mark, or to distribute or sell fragrance products bearing counterfeit versions of the CUBA Mark.

F.  Plaintiffs have a very strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of fragrance products bearing counterfeits, reproductions, and/or colorable imitations of the CUBA Mark.

G.  Plaintiffs are likely to suffer an immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiffs' Complaint and the Declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiffs and to consumers before Defendants can be heard in opposition unless Plaintiffs' request for *ex parte* relief is granted:

--Defendants have offered for sale fragrance products bearing counterfeit and infringing trademarks in violation of Plaintiffs' rights;

--Plaintiffs have well-founded fears that more counterfeit and infringing products bearing their trademark will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products, resulting in the consequent injury to Plaintiffs' reputation and goodwill; and that Plaintiffs may suffer loss of sales for its genuine products;

--Plaintiffs have well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will secret, conceal, destroy, sell off, or otherwise

dispose of counterfeit and infringing goods, packaging, and records relating thereto in their possession and/or inform its suppliers and others of Plaintiffs' claims with the result that those suppliers and others may also secret, conceal, sell off, or otherwise dispose of counterfeit or infringing goods, packaging, and records relating thereto in their possession and control.

H.      The balance of potential harm to Defendants if a temporary restraining order, seizure order, and substitute custodian order are issued is far outweighed by the potential harm to Plaintiffs if they are not issued.

I.      The public interest favors issuance of the temporary restraining order and seizure order.

J.      If Defendants are given notice of the application for a temporary restraining order and seizure order, they are likely to destroy, move, hide, or otherwise make inaccessible to Plaintiffs and the Court the matter to be seized. This is particularly true with respect to Defendant N. Tilani which is already subject to a Permanent Injunction prohibiting its advertisement and sale of goods bearing counterfeits and infringements of Plaintiffs' Mark.

K.      The counterfeit goods and business records related to the counterfeit goods to be seized will likely be found at the locations identified on Exhibit "A" hereto.

L.      Plaintiffs have given notice of their Application for an *ex parte* seizure order to the United States Attorney for this Judicial District pursuant to 15 U.S.C. § 1116(d)(2).

M.      Plaintiffs have not publicized the requested seizure in any way.

N.      For all of the foregoing reasons, an order other than an *ex parte* seizure order is not adequate to achieve the purposes of 15 U.S.C. § 1114.

## ORDER

Thus, Plaintiffs' Application for an *Ex Parte* temporary restraining order and seizure order, preliminary injunction, substitute custodian order, expedited discovery, and order temporarily sealing the court file is hereby granted as follows:

## **Temporary Restraining Order**

O.  Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of them are hereby temporarily restrained:

1. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products, product packaging, or labeling bearing the CUBA Mark identified in Paragraph A above, or any confusingly similar marks, other than those actually manufactured and distributed by Plaintiffs;

2. From communicating, directly or indirectly, with any person or persons (a) from whom Defendants purchased or obtained products bearing the CUBA Mark identified in Paragraph A above; or (b) to whom Defendants sold or offered to sell these products; or (c) whom Defendants know or reasonably believe to possess, control, or have access to any these products;

3. From otherwise communicating, directly or indirectly, with any person(s) about this action, or Plaintiffs' Application for this Order, except for Defendants' attorneys;

4. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (a) any products or product packaging not manufactured or distributed by Plaintiffs bearing the CUBA Mark, or any confusingly similar marks; (b) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products or product packaging bearing the CUBA Mark; or (c) any documents responsive to Plaintiffs' First Request for the Production of Documents served on Defendants in this action.

5. Knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1 through 4 above.

P.  A hearing on Plaintiffs' motion for preliminary injunction shall take place on the __19__ day of May, 2008 at __4:30__ __p__.m before this Court at Courtroom __268__, __26__ Floor, United States District Courthouse, 500 Pearl Street, New York, New York.

### Seizure Order

Q.  Pursuant to 15 U.S.C. § 1116(d)(9), the United States Marshal or other Federal or law enforcement official (such as officers or agents of the United States Customs Service, Secret Service, Federal Bureau of Investigation, or United States Post Office) or a State or local law enforcement officer, shall carry out the seizure as provided herein, and Defendants shall surrender for seizure (1) all counterfeit products and packaging bearing the CUBA Mark, or any other marks substantially indistinguishable from these marks; together with (2) all documents, things, and records of any kind relating to the importation, purchase, acquisition, manufacture, insurance of, advertising, promotion, sale, offering for sale, distribution, and transfer of such products and packaging, including, but not limited to, computer disks, CD ROMs, computer hardware, and other magnetically or electronically stored information; and all manufacturing or packaging equipment, molds, matrices, computers, computer software, and any other means of making the same, including, but not limited to, machinery designed for the purpose of making or packaging counterfeit products sold under the CUBA Mark or any parts of the foregoing.  The law enforcement officers executing this Seizure Order may look for the documents and things to be seized and may appoint any other persons, including Plaintiffs' counsel, investigators, and Plaintiffs' representatives, to assist in the execution of this Seizure Order.

R.  The seizure should be carried out at the locations identified in Paragraph K above and Exhibit "A" to this Order; and any unknown business locations operated by any Defendants, including any warehouses, storage facilities, and offices where any Defendants are warehousing, holding, or storing counterfeit fragrance products or packaging bearing the CUBA Mark and/or documents relating thereto.

S.  Any materials seized by the law enforcement officials executing this Seizure Order shall be delivered up into the custody of the following temporary custodians appointed by

the Court (Plaintiffs' counsels, Stephen M. Gaffigan, P.A., 312 S.E. 17th Street, Second Floor, Ft. Lauderdale, Florida 33316, and Gibney Anthony & Flaherty, LLP, 665 Fifth Avenue, New York, New York 10022-5305) pending the hearing provided for herein, pursuant to 15 U.S.C. §1116(d)(10). However, Plaintiffs shall be allowed to examine samples of the seized products for authenticity at their facilities in Morocco and shall return to Defendants or their counsel, all genuine CUBA fragrance products seized, if any.

   T. The seizure shall take place no later than seven (7) days after the issuance of this Order, pursuant to 15 U.S.C. § 1116(d)(5)(C).

   U. Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiffs shall post a bond in the amount of $10,000.00 as payment of damages to which Defendants may be entitled for a wrongful seizure or wrongful attempted seizure, prior to conducting the seizure ordered herein.

   V. A seizure order hearing under 15 U.S.C. § 1116(d)(10)(A) shall take place not sooner than ten (10) days after this order is issued and not later than fifteen (15) days after the order is issued, unless Plaintiffs show good cause for another date or unless Defendants consent to another date.

   W. Plaintiffs and/or their designees shall be permitted to videotape and take photographs and notes of the seizure.

   X. The U.S. Marshals, or any other law enforcement officer, is authorized to use reasonable force necessary to effect the seizure ordered (including breaking open entrances to buildings and rooms therein) and to inspect the contents of any rooms, warehouses, closets, safes, cabinets, furniture, containers, and desks at or within any of the above-identified locations within this judicial district.

   Y. Plaintiffs shall hold harmless the United States Marshal's Office and other law enforcement agencies and their employees from any and all claims asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Defendants' property, including any third party claims.

Z.   Only the items listed in this order shall be seized and impounded, and due care shall be taken by the United States Marshal or other law enforcement officers and their appointed assistants to preserve and keep in good order Defendants' property and assets which are not related to the manufacture, packaging, or distribution of the alleged counterfeit products referred to above.

AA.   At the time of the seizure all items shall be appropriately marked for identification and Defendants shall be given a receipt and/or inventory list thereof.  In addition, the United States Marshal or other law enforcement officer shall file an inventory list with the Court within forty-eight (48) hours after the seizure has been carried out.

BB.   Pursuant to 15 U.S.C. § 1116(d)(8), this Order, together with the supporting documents, shall be sealed until Defendants have an opportunity to contest this Order, except that Defendants shall have access to this Order and supporting documents after the seizure has been carried out.

### Expedited Discovery Order

CC.   Pursuant to 15 U.S.C. § 1116(d)(10)(B) and Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiffs' request for expedited discovery to enable them to prepare for the hearing provided for in Paragraph "P" above is GRANTED. Specifically, Defendants shall produce documents responsive to Plaintiffs' First Request for the Production of Documents no later than seven (7) days after service thereof and of the Seizure Order and all related papers, and Defendants, through Fed. R. Civ. P. 30(b)(6) representatives, shall appear for deposition upon three (3) days notice from Plaintiffs.

### Compliance Report

DD.   Defendants shall file with the Court and serve on counsel for Plaintiffs within five (5) days after the seizure authorized by paragraph C above, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with this Order.

## Order to Show Cause Why A Preliminary Injunction
## Should Not Issue And Order Of Notice

EE.  Upon the Verified Complaint herein and Motion for Order to Show Cause Why A Preliminary Injunction Should Not Issue, Defendants are hereby ORDERED to show cause before the Court in the United States Courthouse located at 500 Pearl Street, New York, New York on the __19__ day of May, 2008 at 4:30 p.m or at such other time that this Court deems appropriate, why an order should not issue pursuant to Fed. R. Civ. P. 65(a), granting the injunctive relief in Plaintiffs Motion for Order to Show Cause Why A Preliminary Injunction Should Not Issue;

FF.  Service or delivery of copies of this order and the papers in support thereof on Defendants or their attorney at the time of the seizure, or within three (3) days after the seizure if there is no party present at the seizure that is authorized to accept service, shall be given and as so given shall be deemed good and sufficient service thereof.

GG.  Opposing papers, if any, shall be personally filed with the Court and served by hand on Plaintiffs' counsel on or before one day prior to the Show Cause Hearings schedules herein.

HH.  Defendants are hereby on notice that failure to appear at the show cause hearing may result in the imposition of a preliminary injunction against it pursuant to 15 U.S.C. § 1116(d) and Fed. R. Civ. P. 65.

## SEAL ORDER

II. It is further **ORDERED** that Plaintiffs' Motion to File Documents Under Seal is **GRANTED.**

**IT IS SO ORDERED.**

Dated: May __5__, 2008.

ISSUED: __12:05 P__.M

_____
United States District Judge

## SCHEDULE "A"

**M & H Perfumes, Inc.**
d/b/a M & H Perfume

1214 B Broadway, New York, New York 10001
1214 Broadway, New York, New York 10001
1200 Broadway 29th Street, New York, New York 10001.

**N. Tilani Fragrances Inc.**
d/b/a N. Tilani Fragrances

1193 Broadway, Store #5
New York, New York 10001

**AKB Perfume, Inc.**
d/b/a AKB Perfume d/b/a Top Quality Products

1173 Broadway
New York, New York 10001-7505

**Top Quality Products Inc.**
d/b/a Top Quality Products d/b/a AKB Perfume

1173 Broadway
New York, New York 10001-7505

**Metro Perfume, Inc.**
d/b/a Metro Perfume

1177-B Broadway
New York, New York 10001

**Orkay Enterprises, Inc.**
d/b/a Orkay Enterprises

1232 Broadway, Store #9
New York, New York 10001

**G.N. Perfumes, Inc.**
d/b/a G.N. Perfumes

1185 Broadway
New York, New York 10001

AND

**TK Perfumes, Inc.**
d/b/a TK Perfumes

1226 Broadway
New York, New York 10001