Gibney, Anthony & Flaherty, LLP
John Macaluso (JM 2058)
665 Fifth Avenue
New York, New York 10022
Telephone (212) 688-5151
Facsimile (212) 688-8315
E-mail: jmacaluso@gibney.com
Attorney for Plaintiffs

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NADIM KHOURI KLINK, an individual, and PC DESIGN SARL, a foreign business entity,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>**M&H PERFUMES, INC.**, A New York corporation, d/b/a M & H PERFUMES d/b/a SHALIMAR PERFUMES, INC.; **N. TILANI FRAGRANCES, INC.**, a New York Corporation, d/b/a N. TILANI FRAGRANCE; **AKB PERFUME, INC.**, a New York corporation, d/b/a AKB PERFUME d/b/a TOP QUALITY PRODUCTS; **TOP QUALITY PRODUCTS, INC.**, a New York corporation, d/b/a TOP QUALITY PRODUCTS d/b/a AKB PERFUME; **METRO PERFUME, INC.**, a New York Corporation, d/b/a METRO PERFUME; **ORKAY ENTERPRISES, INC.**, a New York corporation, d/b/a ORKAY ENTERPRISES; **G.N. PERFUMES, INC.**, a New York corporation d/b/a G.N. PERFUMES; **TK PERFUMES, INC.**, a New York corporation, d/b/a TK PERFUMES; **UNITED PERFUME, INC.**, a business of unknown status; **R.J. PERFUME & GARMENTS, INC.**, a New York corporation and DOES 1-5 and 8-10,<br><br>　　　　　Defendants. | CASE NO. 08-cv-4243 (TPG)<br><br>**FIRST AMENDED COMPLAINT**<br>**Filed Under Seal** |

**FIRST AMENDED COMPLAINT FOR**
**<u>DAMAGES AND INJUNCTIVE RELIEF</u>**

Plaintiffs, NADIM KHOURI KLINK ("Klink") and PC DESIGN SARL, a foreign business entity ("PC Design") (collectively the "Plaintiffs") hereby sue Defendants, M & H PERFUMES, INC., a New York corporation, d/b/a M&H PERFUMES d/b/a SHALIMAR PERFUMES, INC. ("M&H Perfumes"); N. TILANI FRAGRANCES INC., a New York corporation d/b/a N. TILANI FRAGRANCES ("N. Tilani Fragrance"); AKB PERFUME, INC., a New York Corporation, d/b/a AKB PERFUME ("AKB Perfume") and TOP QUALITY PRODUCTS, INC., a New York corporation, d/b/a TOP QUALITY PRODUCTS d/b/a AKB PERFUME ("Top Quality"); METRO PERFUME, INC., a New York corporation, d/b/a METRO PERFUME ("Metro Perfume"); ORKAY ENTERPRISES, INC., a New York Corporation, d/b/a ORKAY ENTERPRISES ("Orkay Enterprise"); G.N. PERFUMES, INC., a New York corporation d/b/a G.N. PERFUMES ("G.N. Perfume"); and TK PERFUMES, INC., a New York corporation, d/b/a TK PERFUMES ("TK Perfume"); UNITED PERFUME, INC., a New York Corporation ("United"); and R.J. PERFUME & GARMENTS, INC., a New York corporation ("RJ Perfume")(collectively "Defendants") and allege as follows:

## JURISDICTION AND VENUE

1.  This is an action pursuant to (i) 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a). Additionally, this is an action where diversity of citizenship exists and the amount in dispute exceeds $75,000.00. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the Defendants' principal places of business are within this District and Defendants conduct substantial business activities within this District. Furthermore, venue is appropriate since a substantial portion of the acts giving rise to this case occurred within this District.

## THE PARTIES

2.  Klink is an individual residing in Morocco. Klink is the owner of U.S. Trademark Registration No. 2,248,555, which he licenses to PC Design.

3. PC Design is a foreign entity which resides and conducts business in Morocco. PC Design manufactures, distributes, and sells the CUBA brand fragrance products throughout the world, including within this Judicial District.

4. Defendant M&H Perfumes is, upon information and belief, a corporation organized under the laws of the State of New York which conducts business within this Judicial District at 1214 B Broadway, New York, New York 10001, 1214 Broadway, New York, New York 10001, and 1200 Broadway, New York, New York 10001. M & H Perfumes uses the names "M&H Perfumes, Inc.," "M&H Perfumes," and "Shalimar Perfumes" as aliases to operate its business.

5. Upon information and belief, M&H Perfumes is directly engaging in the sale of counterfeit and infringing products within this District as alleged herein.

6. Defendant N. Tilani Fragrance is, upon information and belief, a corporation organized under the laws of the State of New York which conducts business within this Judicial District at 1193 Broadway, Store #5, New York, New York 10001. N. Tilani Fragrance uses the name "N. Tilani Fragrances, Inc." and "N. Tilani Fragrances" as aliases to operate its business.

7. Upon information and belief, N. Tilani Fragrance is directly engaging in the sale of counterfeit and infringing products within this District as alleged herein.

8. Defendant AKB Perfume is, upon information and belief, a corporation organized under the laws of the State of New York which conducts business within this Judicial District at 1173 Broadway, New York 10001-7505. AKB Perfume uses the names "AKB Perfume, Inc.," "AKB Perfume," and "Top Quality Products" as aliases to operate its business.

9. Upon information and belief, AKB Perfume is directly engaging in the sale of counterfeit and infringing products within this District as alleged herein. Furthermore, upon information and belief, AKB Perfume is working together with the Top Quality Defendant in connection with the sale of counterfeit products as alleged herein.

10. Defendant Top Quality is, upon information and belief, a corporation organized under the laws of the State of New York which conducts business within this Judicial District at

1173 Broadway, New York 10001-7505. Top Quality uses the names "Top Quality, Inc.," "Top Quality Products," and "AKB Perfume" as aliases to operate its business.

11.    Upon information and belief, Top Quality is directly engaging in the sale of counterfeit and infringing products within this District as alleged herein. Furthermore, upon information and belief, Top Quality is working together with the AKB Perfume Defendant in connection with the sale of counterfeit products as alleged herein.

12.    Defendant Metro Perfume is, upon information and belief, a corporation organized under the laws of the State of New York which conducts business within this Judicial District at 1177-B Broadway, New York, New York 10001. Metro Perfume uses the names "Metro Perfume, Inc." and "Metro Perfume" as aliases to operate its business.

13.    Upon information and belief, Metro Perfume is directly engaging in the sale of counterfeit and infringing products within this District as alleged herein.

14.    Defendant Orkay Enterprise is, upon information and belief, a corporation organized under the laws of the State of New York which conducts business within this Judicial District at 1232 Broadway, Store #9, New York, New York 10001. Orkay Enterprise uses the names "Orkay Enterprises, Inc." and "Orkay Enterprises" as aliases to operate its business.

15.    Upon information and belief, Orkay Enterprises is directly engaging in the sale of counterfeit and infringing products within this District as alleged herein.

16.    Defendant G.N. Perfume is, upon information and belief, a corporation organized under the laws of the State of New York which conducts business within this Judicial District at 1185 Broadway, New York, New York 10001. G.N. Perfume uses the names "G.N. Perfumes, Inc." and "G.N. Perfume" as aliases to operate its business.

17.    Upon information and belief, G.N. Perfume is directly engaging in the sale of counterfeit and infringing products within this District as alleged herein.

18.    Defendant TK Perfume is, upon information and belief, a corporation organized under the laws of the State of New York which conducts business within this Judicial District at

1226 Broadway, New York, New York 10001. TK Perfume uses the names "TK Perfume, Inc." and "TK Perfume" as aliases to operate its business.

19. Upon information and belief, TK Perfume is directly engaging in the sale of counterfeit and infringing products within this District as alleged herein.

20. Defendant United is, upon information and belief, a business of unknown status, which conducts business within this Judicial District at 38 West 32nd Street, Suite 1104, New York, New York 10001.

21. Upon information and belief, United is directly engaging in the sale of counterfeit and infringing products within this District as alleged herein.

22. Defendant RJ Perfume is, upon information and belief, a corporation organized under the laws of the State of New York which conducts business within this Judicial District at 1170 Broadway, Suite 1208, New York, New York 10001-7524.

23. Upon information and belief, RJ Perfume is directly engaging in the sale of counterfeit and infringing products within this District as alleged herein.

24. Defendant Does 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this Judicial District. Further, Does 1-5 are directly and personally contributing, inducing, and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants. Plaintiffs are presently unaware of the true names of Does 1-5. Plaintiffs will amend this Complaint upon discovery of the identities of such fictitious Defendants.

25. Defendants Does 8-10 are business entities which, upon information and belief, reside and\or conduct business within this Judicial District. Moreover, Does 8-10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants. Plaintiffs are presently unaware of the true

names of Does 8-10. Plaintiffs will amend this Complaint upon discovery of the identities of such fictitious Defendants.

## COMMON FACTUAL ALLEGATIONS

26. Klink is the owner of and rights in and to the following trademark protected by the following United States Federal Trademark Registration:

| Mark | Reg. No. | Reg. Date |
| --- | --- | --- |
| CUBA | 2,248,555 | June 1, 1999 |

which is registered in International Class 3 (the "Cuba Mark") and is used in connection with the manufacture, marketing, and distribution of the CUBA brand fragrance products.

27. Plaintiffs are the owners of all trade dress rights in and to the packaging for its CUBA brand fragrance products (the "Cuba Trade Dress").

28. The CUBA Mark and Trade Dress have been used in interstate commerce to identify and distinguish Plaintiffs' high quality CUBA fragrances and related goods since at least November 1996.

29. The CUBA Mark and Trade Dress have never been assigned or licensed to any of the Defendants in this matter.

30. The CUBA Mark and Trade Dress are symbols of Plaintiffs' quality, reputation, and goodwill and have never been abandoned. Plaintiffs' Registration and trade dress rights are valuable assets belonging to Plaintiffs, and there is currently a high consumer demand for Plaintiffs' products.

31. Further, Plaintiffs have expended substantial time, money, and other resources developing, advertising, and otherwise promoting the CUBA Mark and Trade Dress.

32. Plaintiffs have extensively used, advertised, and promoted the CUBA Mark and Trade Dress in the United States in association with their sale of the CUBA fragrance products and other goods and has carefully monitored and policed the use of the CUBA Mark and Trade Dress.

33. As a result of Plaintiffs' efforts, members of the consuming public readily identify merchandise bearing the CUBA Mark and Trade Dress as being high quality merchandise sponsored and approved by Plaintiffs.

34. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Plaintiffs' ownership of the CUBA Mark and Trade Dress, including their exclusive right to use and license such intellectual property and the goodwill associated therewith.

35. Plaintiffs have discovered the Defendants are promoting and otherwise advertising, distributing, selling, and/or offering for sale counterfeit products, including at least CUBA fragrance products bearing a trademark and trade dress which are exact copies of the CUBA Mark and Trade Dress (the "Counterfeit Goods"). Specifically, upon information and belief, the Defendants are using the CUBA Mark and Trade Dress in the same stylized fashion for different quality goods.

36. Upon information and belief, the Defendants' Counterfeit Goods are of a quality substantially different than that of Plaintiffs' genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, the Defendants, upon information and belief, are actively using, promoting, and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Plaintiffs. The net effect of the Defendants' actions will be to result in the confusion of consumers, who will believe the Defendants' Counterfeit Goods are genuine goods originating from and approved by Plaintiffs.

37. Upon information and belief, the Defendants import and/or manufacture their Counterfeit Goods and advertise those goods for sale to the consuming public. In so advertising these products, the Defendants use the CUBA Mark and Trade Dress. Indeed, the Defendants herein, upon information and belief, misappropriated the Plaintiffs' advertising ideas and entire style of doing business with regard to the advertisement and sale of Plaintiffs' genuine products.

Upon information and belief, the misappropriation of Plaintiffs' advertising ideas in the forms of the CUBA Mark and Trade Dress has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Plaintiffs.

38. Upon information and belief, the Defendants are conducting their counterfeiting and infringing activities at least within this Judicial District and elsewhere throughout the United States. As a result, the Defendants are defrauding Plaintiffs and the consuming public for the Defendants' own benefit. Defendants' infringement and disparagement of Plaintiffs' products does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

39. The Defendants' use of the CUBA Mark and Trade Dress, including the promotion, advertising, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods is without Plaintiffs' consent or authorization.

40. Further, the Defendants are or may be, upon information and belief, engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiffs' rights for the purpose of trading on Plaintiffs' goodwill and reputation. If the Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be damaged.

41. The Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiffs' genuine goods and the Defendants' Counterfeit Goods.

42. Plaintiffs have no adequate remedy at law.

43. Plaintiffs are suffering irreparable injury and have suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

44. The injuries and damages sustained by Plaintiffs have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

45. Plaintiffs have retained the undersigned counsel to represent them in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

46. Plaintiffs hereby readopt and reallege the allegations set forth in Paragraphs 1 through 41 above.

47. This is an action for trademark counterfeiting and infringement against the Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of the Counterfeit Goods bearing the CUBA Mark.

48. Specifically, the Defendants, upon information and belief, are promoting and otherwise advertising, selling, offering for sale, and distributing counterfeit and infringing CUBA fragrance products bearing the CUBA Mark. The Defendants are continuously infringing and inducing others to infringe the CUBA Mark by using it to advertise, promote, and sell counterfeit CUBA fragrance products and other goods.

49. Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the CUBA Mark.

50. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiffs.

51. Defendants' above-described illegal actions constitute counterfeiting and infringement of the CUBA Mark in violation of Plaintiffs' rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

52.  Plaintiffs have suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

53.  Plaintiffs hereby readopt and reallege the allegations set forth in Paragraphs 1 through 41 above.

54.  The Defendants' Counterfeit Goods bearing the CUBA Mark has been widely advertised and distributed throughout the United States.

55.  The Defendants' Counterfeit Goods bearing the CUBA Mark are virtually identical in appearance to each of Plaintiffs' respective genuine goods. However, the Counterfeit Goods are different in quality. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

56.  The Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with possible knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiffs.

57.  Specifically, the Defendants, upon information and belief, have authorized an infringing use of the CUBA Mark and Trade Dress in the Defendants' advertisement and promotion of their counterfeit and infringing CUBA fragrance products. The Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

58.  The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

59.  Plaintiffs have sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Plaintiffs will continue to suffer irreparable injury to their goodwill and business reputation as well as monetary damages.

### COUNT III - COMMON LAW TRADEMARK INFRINGEMENT

60.  Plaintiffs hereby readopt and reallege the allegations set forth in Paragraphs 1 through 41 above.

61.  This action is for common law trademark infringement against Defendants based on their importation, promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the CUBA Mark in violation of Plaintiffs' common law trademark rights under New York law.

62.  Specifically, Defendants, upon information and belief, are importing, promoting and otherwise advertising, offering for sale, selling, and distributing infringing the CUBA brand fragrance products bearing counterfeits of the CUBA Mark.

63.  Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the CUBA Mark.

64.  As a result of the above described trademark infringement activities of Defendants, Plaintiffs have suffered, and will continue to suffer, irreparable injury and substantial damages, and Defendants have been unjustly enriched.

### **PRAYER FOR RELIEF**

65.  WHEREFORE, Plaintiffs demand judgment, jointly and severally, against the Defendants as follows:

   a.  The Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or

participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the CUBA Mark and Trade Dress; from using the CUBA Mark and Trade Dress, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiffs; from falsely representing themselves as being connected with the Plaintiffs, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, are in any way endorsed by, approved by, and/or associated with the Plaintiffs; from using any reproduction, counterfeit, copy, or colorable imitation of the CUBA Mark and Trade Dress in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, CUBA fragrance products, and other goods; from affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols, tending to falsely describe or represent Defendants' goods as being those of the Plaintiffs, or in any way endorsed by the Plaintiffs and from offering such goods in commerce; and from otherwise unfairly competing with the Plaintiffs.

      b.    The Defendants be required to account to and pay the Plaintiffs for all profits and damages resulting from Defendants' trademark infringing and counterfeiting activities and that the award to the Plaintiffs be trebled, as provided for under 15 U.S.C. §1117, or, at the Plaintiffs' election with respect to Count I, that Plaintiffs be awarded statutory damages

from each Defendants in the amount of one million ($1,000,000.00) dollars per each counterfeit CUBA Mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

      c.      Plaintiffs be awarded punitive damages.

      d.      Plaintiffs be awarded pre-judgment interest on its respective judgment.

      e.      Plaintiffs be awarded their costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

      f.      Plaintiffs be awarded such other and further relief as the Court may deem just and proper.

DATED this 15th day of May, 2008.

Respectfully submitted,

GIBNEY ANTHONY & FLAHERTY, LLP

By: *John Macaluso* (signature)
John Macaluso
665 Fifth Avenue
New York, New York 10022-5305
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Email: jmacaluso@gibney.com
Attorneys for PLAINTIFFS

OF COUNSEL:
Stephen M. Gaffigan
Stephen M. Gaffigan, P.A.
312 S.E. 17th Street
Second Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
Email: Stephen@smgpa.net