UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NADIM KHOURI KLINK, an individual and PC DESIGN
SARL, a foreign business entity,

                                              Plaintiffs,        08 CV 4243 (TPG)

       -against-                                          ANSWER

M&H PERFUMES, INC., a New York corporation, d/b/a
M&H PERFUMES d/b/a SHALIMAR PERFUMES, INC.,
N. TILANI FRAGRANCES, INC., a New York
Corporation, d/b/a N. TILANI FRAGRANCE; AKB
PERFUME, INC., a New York corporation, d/b/a AKB
PERFUME d/b/a TOP QUALITY PRODUCTS; TOP
QUALITY PRODUCTS, INC., d/b/a AKB PERFUME;
METRO PERFUME, INC., a New York corporation, d/b/a
METRO PERFUME; ORKAY ENTERPRISES, INC., a
New York corporation, d/b/a ORKAY ENTERPRISES;
G.N. PERFUMES, INC., a New York corporation, d/b/a
G.N. PERFUMES; TK PERFUMES, INC., a New York
corporation, d/b/a TK PERFUMES; UNITED PERFUME,
INC., a business of unknown status; R.J. PERFUME &
GARMENTS, INC., a New York corporation and DOES 1-
5 and 8-10,

                                              Defendants.
------------------------------------------------------------------------X

        Defendant N. TILANI FRAGRANCES, INC., (hereinafter "TILANI"), through its undersigned attorney, and for its answer to the allegations of the First Amended Complaint (hereinafter "Complaint") , state as follows:

        1.      Paragraph No. 1 of the Complaint is a conclusion of law as to which no response is required. To the extent a response is required, TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 1 of the Complaint.

  2.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 2 of the Complaint.

  3.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 3 of the Complaint.

  4.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 4 of the Complaint.

  5.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 5 of the Complaint.

  6.  TILANI admits that it is a corporation organized under the laws of the State of New York and conducts business in New York, New York, but except as so specifically admitted, denies the allegations set forth in Paragraph No. 6 of the Complaint.

  7.  TILANI denies the allegations set forth in Paragraph No. 7 of the Complaint.

  8.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 8 of the Complaint.

  9.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 9 of the Complaint.

  10.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 10 of the Complaint.

  11.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 11 of the Complaint.

  12.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 12 of the Complaint.

13. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 13 of the Complaint.

14. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 14 of the Complaint.

15. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 15 of the Complaint.

16. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 16 of the Complaint.

17. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 17 of the Complaint.

18. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 18 of the Complaint.

19. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 19 of the Complaint.

20. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 20 of the Complaint.

21. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 21 of the Complaint.

22. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 22 of the Complaint.

23. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 23 of the Complaint.

24.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 24 of the Complaint.

25.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 25 of the Complaint.

26.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 26 of the Complaint.

27.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 27 of the Complaint.

28.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 28 of the Complaint.

29.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 29 of the Complaint.

30.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 30 of the Complaint.

31.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 31 of the Complaint.

32.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 32 of the Complaint.

33.  TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 33 of the Complaint.

34.  TILANI denies the allegations set forth in Paragraph No. 34 of the Complaint.

35. TILANI denies the allegations set forth in Paragraph No. 35 of the Complaint.

36. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 36 of the Complaint.

37. TILANI denies the allegations set forth in Paragraph No. 37 of the Complaint.

38. TILANI denies the allegations set forth in Paragraph No. 38 of the Complaint.

39. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 39 of the Complaint.

40. TILANI denies the allegations set forth in Paragraph No. 40 of the Complaint.

41. TILANI denies the allegations set forth in Paragraph No. 41 of the Complaint.

42. TILANI denies the allegations set forth in Paragraph No. 42 of the Complaint.

43. TILANI denies the allegations set forth in Paragraph No. 43 of the Complaint.

44. TILANI denies the allegations set forth in Paragraph No. 44 of the Complaint.

45. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 45 of the Complaint.

46. With respect to the allegations of Paragraph No. 46 of the Complaint, TILANI repeats each and every admission, denial, and denial of knowledge and information as set forth with respect to the paragraphs to which each such allegation refers.

47. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 47 of the Complaint.

48. TILANI denies the allegations set forth in Paragraph No. 48 of the Complaint.

49. TILANI denies the allegations set forth in Paragraph No. 49 of the Complaint.

50. TILANI denies the allegations set forth in Paragraph No. 50 of the Complaint.

51. TILANI denies the allegations set forth in Paragraph No. 51 of the Complaint.

52. TILANI denies the allegations set forth in Paragraph No. 52 of the Complaint.

53. With respect to the allegations of Paragraph No. 53 of the Complaint, TILANI repeats each and every admission, denial, and denial of knowledge and information as set forth with respect to the paragraphs to which each such allegation refers.

54. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 54 of the Complaint.

55. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 55 of the Complaint.

56. TILANI denies the allegations set forth in Paragraph No. 56 of the Complaint.

57. TILANI denies the allegations set forth in Paragraph No. 57 of the Complaint.

58. TILANI denies the allegations set forth in Paragraph No. 58 of the Complaint.

59. TILANI denies the allegations set forth in Paragraph No. 59 of the Complaint.

60. With respect to the allegations of Paragraph No. 60 of the Complaint, TILANI repeats each and every admission, denial, and denial of knowledge and information as set forth with respect to the paragraphs to which each such allegation refers.

61. TILANI denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 61 of the Complaint.

62. TILANI denies the allegations set forth in Paragraph No. 62 of the Complaint.

63. TILANI denies the allegations set forth in Paragraph No. 63 of the Complaint.

64. TILANI denies the allegations set forth in Paragraph No. 64 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

65. The Complaint and each of the denominated claims or causes of action therein should be dismissed for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

66. Plaintiffs' claims are barred by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

67. Plaintiffs' claims are barred because of their acts and conduct in acquiescing to TILANI's long-standing use of Plaintiffs' marks. Plaintiffs are therefore are estopped from asserting these claims against TILANI.

## FOURTH AFFIRMATIVE DEFENSE

68. Plaintiffs' claims are barred by the doctrine of fair use.

## FIFTH AFFIRMATIVE DEFENSE

69. Plaintiffs, through their failure to protect or enforce their trademark rights, have abandoned all such rights.

## SIXTH AFFIRMATIVE DEFENSE

70. On information and belief, Plaintiffs have failed, and continue to fail, to mitigate any damages they allegedly suffered.

## SEVENTH AFFIRMATIVE DEFENSE

71. Plaintiff lacks standing against TILANI.

## EIGHTH AFFIRMATIVE DEFENSE

72. On information and belief, each and every alleged claim for relief and allegation set forth in the Complaint is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

73.     On information and belief, the alleged claims asserted by Plaintiffs are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

74.     Any alleged infringement was innocent and wholly without knowledge by TILANI of any rights claimed by Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

75.     Plaintiffs' claims are barred because Plaintiffs cannot demonstrate any likelihood that the public will be confused or misled as to the source of TILANI's goods or that TILANI's goods are produced by, or endorsed by, Plaintiffs.

## TWELTH AFFIRMATIVE DEFENSE

76.     Plaintiffs' common law claims are preempted by Federal law.

## THIRTEENTH AFFIRMATIVE DEFENSE

77.     If Plaintiffs sustained any damages, which is denied, such damages were caused by the acts of third parties for whose actions TILANI is not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

78.     Plaintiffs' claims are barred because Plaintiffs have not suffered any damages as a result of the facts alleged in the Complaint.

## FIFTHTEEN AFFIRMATIVE DEFENSE

79.     Any damages or injuries allegedly sustained by Plaintiffs were caused, in whole or in part, by Plaintiffs or by others acting on its behalf or their behest.

## PRAYER FOR RELIEF

WHEREFORE, TILANI respectfully prays:

1.      That there be judgment dismissing Plaintiff's Complaint herein, together with costs and disbursements of this action;

2.      Alternatively, that if there is any liability to the Plaintiffs, M&H PERFUMES, INC., AKB PERFUME, INC., TOP QUALITY PRODUCTS, INC., METRO PERFUME, INC., ORKAY ENTERPRISES, INC., G.N. PERFUMES, INC., TK PERFUMES, INC., UNITED PERFUME, INC., R.J. PERFUME & GARMENTS, INC., and DOES 1-5 and 8-10 be solely liable to the Plaintiff and that there be judgment accordingly;

3.      Alternatively, in the event that a judgment is recovered by Plaintiff against TILANI, Defendants M&H PERFUMES, INC., AKB PERFUME, INC., TOP QUALITY PRODUCTS, INC., METRO PERFUME, INC., ORKAY ENTERPRISES, INC., G.N. PERFUMES, INC., TK PERFUMES, INC., UNITED PERFUME, INC., R.J. PERFUME & GARMENTS, INC., and DOES 1-5 and 8-10 be held primarily liable and that judgment over and against the said Defendants be given for the amount recovered by Plaintiff against Defendants together with costs, disbursements, and reasonable attorneys' fees;

4.      That this Court grant such other and further relief as to the Court may appear just, equitable and proper.

Dated: New York, New York
       June 20, 2008

                                  AGUS & PARTNERS, P.C.
                                  Attorneys for Defendant
                                  *N. Tilani Fragrances, Inc.*

                                  By: _____
                                      Stephen A. Agus (SA 8594)
                                  28 West 44th Street, Suite 214
                                  New York, NY 10036
                                  (212) 376-5757


To:    GIBNEY, ANTHONY & FLAHERTY, LLP
        Attorney for Plaintiffs
        665 Fifth Avenue
        New York, New York 10022
        (212) 688-5151

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
COUNTY OF NEW YORK) s.s.:

Vida Basford, being duly sworn, deposes and says:

    1.    I am over eighteen years of age, I reside at Brooklyn, New York and I am not a party to the action.

    2.    On the 20th day of June, 2008 I served the within ANSWER upon the attorney for Plaintiffs in this action, at the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to:

GIBNEY, ANTHONY & FLAHERTY, LLP
665 Fifth Avenue
New York, New York 10022

                                            _____
                                                     Vida Basford

Sworn to before me this
20th day of June, 2008

_____
Notary Public

KIRSTEN A. ROSTEDT
NOTARY PUBLIC, State of New York
No. 02RO6072283
Qualified in New York County
Commission Expires April 1, 20_10

AGUS & PARTNERS P.C.

| Index No. | Year |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NADIM KHOURI KLINK, an individual, and
PC DESIGN SARL, a foreign business entity,

                              Plaintiffs,

-against-

M&H PERFUMES, INC., a New York corporation, d/b/a
M&H PERFUMES d/b/a SHALIMAR PERFUMES, INC.,
N. TILANI FRAGRANCES, INC. et al.,

                              Defendants.

08 CV 4243 (TPG)

### ANSWER

Signature (Rule 130-1.1-a)

## AGUS & PARTNERS P.C.

Kirsten A. Rostedt, Esq.

Attorney(s) for   Defendant N. Tilani Fragrances, Inc.
Office and Post Office Address
28 WEST 44TH STREET, SUITE 214
NEW YORK, NEW YORK 10036
(212) 376-5757
FILE NO.

To

Attorney(s) for

Service of a copy of the within                                      is hereby admitted.

Dated,

           Attorney(s) for                                      ......................................

**Sir: Please take notice**
☐ *NOTICE OF ENTRY*
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ *NOTICE OF SETTLEMENT*
that an order                                      of which the within is a true copy will be presented for
settlement to the HON.                                      one of the judges
of the within named Court, at
on the          day of                       at          M.

Dated,

Yours, etc.
## AGUS & PARTNERS P.C.